LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3925 GAF (FMOx) | Date | June 8, 2012 |
|---|---|---|---|
| Title | L A Ramco Jewelry Company Inc v. Chase Bank USA NA et al | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**

On March 22, 2012, Plaintiff L A Ramco Jewelry Company, Inc. d/b/a Acapulco Jewelry Plaza Company, filed this suit in Los Angeles County Superior Court against Defendant Chase Bank USA NA, seeking compensatory, punitive, and exemplary damages in connection with Defendant's allegedly fraudulent credit approval of a third party's jewelry purchase from Plaintiff. (Docket No. 1 [Not. of Removal], Ex. A [Compl.] ¶¶ 1, 8.) Defendant removed this action on May 4, 2012, invoking this Court's subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). (Not. of Removal ¶ 6.) However, the Court cannot presently conclude that jurisdiction exists on the basis of diversity of citizenship. Accordingly, Defendant is **ORDERED to show cause** why the Court should not dismiss this action for lack of subject matter jurisdiction.

Federal courts have jurisdiction on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and if the matter is between citizens of different states. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). A national banking association is deemed to be "located" for the purposes of citizenship in the state in which its main office, as set forth in its articles of incorporation, is located. Wachovia Bank,

**LINK: 1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3925 GAF (FMOx) | Date | June 8, 2012 |
|---|---|---|---|
| Title | L A Ramco Jewelry Company Inc v. Chase Bank USA NA et al | | |

N.A. v. Schmidt, 546 U.S. 303, 307 (2006).

     Here, although Defendant adequately alleges its own citizenship in Delaware, it has not alleged the state of incorporation or principal place of business for L A Ramco, a corporation. (See Not. ¶¶ 4–5.)  Thus, the Court is unable to conclude that complete diversity of citizenship exists in this case.

     Accordingly, Defendant is **ORDERED TO SHOW CAUSE no later than 5:00 p.m. on Friday, June 15, 2012** , as to why the Court should not dismiss this action for lack of subject matter jurisdiction.  **Failure to respond by this deadline will be deemed consent to dismissal.**

     **IT IS SO ORDERED.**